BOROUGH OF SPRING LAKE, RESPONDENT, v. EZEKIEL SHIBLA, APPELLANT.

Argued January 6, 1925—Decided May 13, 1925.

An order of filiation made by the Court of Quarter Sessions on appeal from the finding of a magistrate in a bastardy case under the Revision of 1898 (*Comp. Stat.*, p. 184) is not reviewable in the Supreme Court by appeal corresponding to writ of error, but by *certiorari* only.

On appeal from the Monmouth Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellant, *Harry R. Cooper.*

For the respondent, *Quinn & Parsons.*

The opinion of the court was delivered by

PARKER, J. In a bastardy proceeding before a magistrate, pursuant to the statute of 1898, page 959 (*Comp. Stat.*, p. 184), Ezekiel Shibla was adjudged to be the father of a bastard child, and order of filiation made accordingly. He appealed to the Court of Quarter Sessions as permitted by the act, section 12 *et seq.*, demanded a jury trial, which was

had, and on the verdict of the jury a further order of filiation was made by the Sessions. He now undertakes to have the case reviewed in this court by an appeal tantamount to a writ of error, under the common law practice as existing prior to 1912.

At the argument in this court it was pointed out to counsel that, apparently, *certiorari* was the only proper remedy for review of a judgment of the Sessions on appeal from the magistrate, and examination of the authorities confirms that view.

The general, and, substantially invariable, rule, founded on the English precedents, has been that, when the proceeding in a court inferior to the Supreme Court is not one according to the course of the common law, *certiorari,* and not error, is the proper method of review. We find in 1 *Arch. Pr., part I, ch.* 4, § 3, the rule stated as follows:

"[A writ of error] can be brought only on a judgment, or an award in the nature of a judgment, given in a court of record, acting according to the course of the common law; but when the court acts in a summary manner, or in a new course different from the common law, a *certiorari,* and not a writ of error, lies."

The principal authority cited in Archbold is the leading case of *Groenvelt* v. *Burnell,* reported in several places, but, perhaps, most fully in *Carth.* where (at *p.* 494) Chief Justice Lord Holt is reported as saying:

" 'Tis true no writ of error will lie upon this judgment, because it is a court instituted *de novo,* and by the institution they are not bound up to the formalities of other courts [viz.], they are not bound to draw up their judgments with *ideo consideratum,* &c., but 'tis sufficient for them to show the conviction in other words. And yet, the party thus convicted is not without remedy, for he may remove this conviction by the censors into B. R. [King's Bench], where it may be quashed for insufficiency, and this may be done by *certiorari* to any new constituted court or jurisdiction of record, because B. R. hath a power to keep all limited jurisdictions within their proper bounds."

To this rule our courts have adhered firmly up to this day. *Curtis* v. *Steever,* 36 *N. J. L.* 304; *Hisor* v. *Van Diver,* 82 *Id.* 303; *City Bank* v. *O'Mara,* 88 *Id.* 499, and cases cited; *State Board* v. *Curtis,* 94 *Id.* 324, 327.

In *Barrett Manufacturing Co.* v. *Kitchell,* 84 *N. J. L.* 326, the Court of Errors and Appeals held that a final judgment in attachment in the Supreme Court would be reviewed in the Court of Errors and Appeals by writ of error, but only because the latter court never reviews the proceedings of common law courts by *certiorari,* and expressly stated that if the attachment had been brought in the Circuit Court it would have been reviewed in the Supreme Court by *certiorari.*

It should be unnecessary to add that proceedings in bastardy belong to that extensive class of cases that, like attachment, are "not according to the course of the common law." The proceeding is special, and while of some antiquity, is, nevertheless, statutory, both as to the tribunal and the procedure. The earliest act on this subject was in 18 *Eliz., c.* 3, followed by acts in the reigns of James I, Charles I, Charles II and George II. See 1 *Bl. Com.* 458. It follows that *certiorari* and not writ of error is the proper procedure for review, and this even in cases where a statutory appeal to the Pleas or Quarter Sessions is provided.

An examination of our reported cases in bastardy proceedings will show that there is not one case in which review has been had in the Supreme Court by writ of error or appeal, while there are numerous adjudications in *certiorari.* A few will suffice. *Anonymous,* 3 *N. J. L.* (2 *Pen.*) *870; *Quick* v. *Overseer, Id.* *1016; *Hildreth* v. *Overseers,* 13 *Id.* (1 *Gr.*) 5; *State* v. *Joslin, Id.* 267; *State* v. *Bidleman,* 16 *Id.* (1 *Harr.*) 267; 17 *Id.* 20; *Dally* v. *Overseers,* 21 *Id.* 491; *Dunn* v. *Overseers,* 32 *Id.* 275; *Lynch* v. *Pott,* 58 *Id.* 253; *Ruff* v. *Kebler,* 62 *Id.* 186; *Sadler* v. *Jappson,* 82 *Id.* 20; *Overseer* v. *Eason,* 92 *Id.* 199 (*Court of Errors and Appeals*), reviewing a *certiorari* in the Supreme Court. A suit upon the bond for maintenance would be according to the course of the common law, and, therefore, is reviewed in error. *Roll* v. *Maxwell,* 5 *Id.* 493; *State* v. *Greiner,* 96 *Id.* 100.

The situation is in close analogy to that arising in review of the Common Pleas on appeal from a justice court, touching which the rule was definitely laid down in *Trimmer* v. *Bonnell*, 65 *N. J. L.* 66, that *certiorari* and not error would lie. "This settled practice," said the court, "we think should be adhered to." Following that decision, a similar writ of error was dismissed in *Corbett* v. *Young Men's Christian Asso.*, 79 *Id.* 126.

We conclude that there is no warrant of law for the taking of an appeal to the Supreme Court from the Quarter Sessions in a bastardy case, and the present appeal must therefore be dismissed, with costs.